UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WADE ALAN KNIGHT, | Case No.: 3:22-cv-00384-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 1 |
| CITY OF ELKO, et al., | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP). (ECF No. 1.)

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the

institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance was $91.66, and his average monthly deposits were $91.66.

Plaintiff's application to proceed IFP (ECF No. 1) is **GRANTED**. Within **30 days** of the date of this Order, Plaintiff is required to pay an initial partial filing fee in the amount of $18.33 (20 percent of $91.66). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk shall **SEND** a copy of this Order to the attention of the Chief of Inmate Services for the Elko County Jail, 775 W. Silver Street, Elko, Nevada 89801.

Pursuant to Chief District Judge Du's November 8, 2022, minute order, Plaintiff has 30 days to file an amended complaint (ECF No. 9), which the court will then screen under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a). This requires dismissal of any claims that are frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

**IT IS SO ORDERED**.

Dated: November 8, 2022

_____
Craig S. Denney
United States Magistrate Judge