1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

WADE ALAN KNIGHT,

    Plaintiff

v.

CITY OF ELKO, et al.

    Defendants

Case No.: 3:22-cv-0384-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 11, 12

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed a first amended complaint (FAC) (ECF No. 11), which the court screens pursuant to 28 U.S.C. § 1915(e) and § 1915A, and recommends that certain claims and defendants be allowed to proceed while others should be dismissed with prejudice. Plaintiff has also filed a motion for appointment of counsel (ECF No. 13), which the court recommends be denied.

## I. BACKGROUND

Plaintiff, who is an inmate in the Elko County Jail, filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1, 1-1.) The court granted his IFP application, which requires him to pay the $350 filing fee over time. The court also screened his complaint. In the original complaint, Plaintiff alleges that on March 10, 2022, Elko Police Officers Cunningham and Ortiz unlawfully arrested, searched and detained him without probable cause. He claims that Sergeant/Deputy Edgmond then booked him into the Elko County Jail and searched him and seized his personal belongings knowing there was no probable cause for his

1 | arrest. He also asserted claims against supervisory defendants Elko Police Chief Ty Trouten,

2 | Elko County Jail Director A. Parry, and Elko County Sheriff Narvaiza, as well as municipal

3 | claims against the City and County of Elko.

4 |     The court found Plaintiff asserted a colorable Fourth Amendment claim against

5 | Cunningham, Ortiz, and Edgmond. It appeared from the complaint that Plaintiff's underlying

6 | criminal proceeding had not been completed, and therefore, the court recommended that the

7 | claim be stayed while the criminal proceeding is pending. In addition, the court found Plaintiff

8 | did not include sufficient factual allegations to state any claims against the supervisory

9 | defendants (Trouten, Parry, and Narvaiza) or the municipal defendants (City and County of

10 | Elko), and recommended they be dismissed without prejudice, and his request to amend the

11 | complaint could be addressed once the stay was lifted. (ECF No. 3.)

12 |     In response to the report and recommendation, Plaintiff filed a status update in which he

13 | clarified that the criminal proceedings were completed, and requested leave to amend his lawsuit.

14 | (ECF Nos. 4, 6.)

15 |     On November 8, 2022, in light of Plaintiff's status updates, Chief Judge Du rejected the

16 | report and recommendation as moot and granted Plaintiff leave to file an amended complaint.

17 | (ECF No. 9.) Plaintiff filed his FAC (ECF No. 11), which the court now screens. He also filed a

18 | motion for appointment of counsel (ECF No. 13).

19 | **II. SCREENING THE FAC**

20 | **A. Standard**

21 |     Under the statute governing IFP proceedings, "the court shall dismiss the case at any time

22 | if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal--

23 |

1  (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

2  seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

3  § 1915(e)(2)(A), (B)(i)-(iii).

4       In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if

5  feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

6  which a prisoner seeks redress from a governmental entity or officer or employee of a

7  governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

8  cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

9  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

10 monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

11       Dismissal of a complaint for failure to state a claim upon which relief may be granted is

12 provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

13 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

14 complaint under these statutes, the court applies the same standard as is applied under Rule

15 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

16 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

17 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

18       The court must accept as true the allegations, construe the pleadings in the light most

19 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

20 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

21 stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

22 (1980) (internal quotation marks and citation omitted).

23

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's FAC**

Plaintiff's FAC, like the original complaint, names as defendants Elko Police Officers Andrew Cunningham and Bartolo Ortiz, Elko Police Chief Tyler Trouten, the City of Elko, Elko Sheriff's Sergeant/Deputy Melanie Edgmond, Elko County Sheriff Aitor Narvaiza, Elko County Sheriff Lt. Adrienne Parry, and Elko County.

**1. Cunningham, Ortiz and Edgmond**

Plaintiff again alleges that on March 10, 2022, Elko Police Officers Cunningham and Ortiz pulled up without activating their overhead lights, and stopped and arrested Plaintiff without probable cause. Plaintiff was told there was a misdemeanor warrant for his arrest from Lander County, and Plaintiff was placed in handcuffs and transported to the Elko County Jail. Plaintiff avers that there was no reason for Cunningham and Ortiz to stop him as he was not engaged in any criminal activity.

4

1    Plaintiff was in the jail for two hours while Cunningham and Elko County Sheriff

2  Sergeant/Deputy Edgmond obtained the warrant from Lander County. At the Elko County Jail,

3  Plaintiff was searched and his personal items were seized, and Sheriff's Sergeant/Deputy

4  Edgmond booked Plaintiff into the jail. Plaintiff alleges that Edgmond did so knowing that

5  Plaintiff was arrested without probable cause as there was no probable cause declaration

6  submitted from Cunningham.

7    Plaintiff asserts that he spent two days in the Elko County Jail and was transferred to the

8  Lander County Jail where he "sat out" some fines for 15 days and was released.

9    The Fourth Amendment protects "[t]he right of the people to be secure in their persons,

10  houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend IV.

11  "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment

12  provided the arrest was without probable cause or other justification." *Lacey v. Maricopa*

13  *County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted).

14    Taking the allegations of the FAC as true, as the court must when screening a complaint,

15  the court finds Plaintiff alleges that he was stopped, arrested,  and then detained in the Elko

16  County Jail without probable cause. It may turn out that the officers had a valid reason for

17  stopping Plaintiff and then discovered there was a misdemeanor warrant out for his arrest, but at

18  this time, the court will take at face value Plaintiff's allegations that this was not the case.

19  Therefore, Plaintiff should be permitted to proceed with a Fourth Amendment claim against

20  Cunningham, Ortiz, and Edgmond.[1]

21

22

23
---
[1] Plaintiff references the Fourteenth Amendment, but his claim arises from the Fourth
Amendment.

5

1    The court previously recommended that this claim be stayed because it was not clear

2  whether Plaintiff's criminal proceedings had been completed or whether he had been convicted.

3  However, Plaintiff has since filed a status update indicating he never faced charges in connection

4  with his arrest on March 10, 2022. Instead, it appears that he was taken to the Lander County Jail

5  to complete his sentence for a previous conviction which was related to the warrant. Therefore,

6  the stay is not necessary, and it does not appear that *Heck v. Humphrey*, 512 U.S. 477 (1994),

7  comes into play.

8          **2. Trouten, Narvaiza, Parry**

9          Plaintiff alleges that Elko Police Chief Tyler Trouten, Elko County Sheriff Aitor

10  Narvaiza, and Lt. Adrienne Parry violated his rights because they were supervisors and are liable

11  for their action or inaction in training, supervision, and control of their subordinates, and they set

12  in motion or knowingly refused to terminate a series of acts they knew or should have known

13  would inflict a constitutional injury.

14          As Plaintiff was previously advised, a complaint must contain more than a "formulaic

15  recitation of the elements of a cause of action," it must contain factual allegations sufficient to

16  "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

17  544, 555 (2007). Plaintiff has essentially parroted the elements for a claim against a supervisor

18  from the court's prior screening order (*see* ECF No. 3 at 6-7) without including any *factual*

19  allegations that would subject these individuals to liability. Therefore, Trouten, Narvaiza, and

20  Parry should be dismissed. After two opportunities, Plaintiff has not stated a colorable claim

21  against the supervisory defendants; therefore, the dismissal should be with prejudice.

22

23          **3. City of Elko and Elko County**

6

1   Plaintiff alleges that the City and County of Elko implement policies so deficient that

2 they are a repudiation of constitutional rights in and of themselves, and that they failed to

3 implement procedural safeguards to prevent constitutional violations as well as failed to

4 adequately train their employees.

5   Similar to the supervisory defendants, Plaintiff has merely inserted the elements for a

6 municipal liability claim from the court's prior screening order with respect to the City and

7 County of Elko without any specific *factual* allegations. (*See* ECF No. 3 at 8.) This is insufficient

8 to state a municipal liability claim. Therefore, the City and County of Elko should be dismissed.

9 Like the supervisory defendants, the dismissal of the municipal defendants should be with

10 prejudice.

11   **III. MOTION FOR APPOINTMENT OF COUNSEL**

12   Plaintiff has filed a motion for the appointment of counsel on the grounds that he is indigent

13 and does not know what he is doing.

14   "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d

15 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28

16 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person

17 unable to afford counsel." That being said, the appointment of counsel in a civil case is within the

18 court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970

19 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In

20 "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of

21 success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

22 of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v.*

23 *Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir.

2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*
(citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*,
935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not demonstrated exceptional circumstances justifying the appointment of
counsel. He has not addressed a likelihood of success on the merits. Nor has he established an
inability to articulate his claims or that his case is unduly complex. Plaintiff's indigent status and
lack of legal education alone do not qualify him for the appointment of counsel. Therefore,
Plaintiff's motion should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the district judge enter an order:

(1) Allowing Plaintiff to **PROCEED** with his Fourth Amendment claims against
Cunningham, Ortiz, and Edgmond;

(2) **DISMISSING WITH PREJUDICE** Elko Police Chief Tyler Trouten, Elko County
Sheriff Aitor Narvaiza, and Lt. Adrienne Parry, the City of Elko, and County of Elko;

(3) **DENYING** Plaintiff's motion for the appointment of counsel (ECF No. 12)

(4) If this Report and Recommendation is adopted, the Clerk of Court should be directed
to **ISSUE** summonses for Defendants Andrew Cunningham, Bartolo Ortiz, and Melanie
Edgmond, **and deliver the same**, to the U.S. Marshal for service. The Clerk should also be
directed to **SEND** sufficient copies of the FAC (ECF No. 11) and any order adopting this Report
and Recommendation to the U.S. Marshal for service on the defendants. The Clerk should
further be directed to **SEND** to Plaintiff **three** USM-285 forms. Plaintiff should be given **21 days**
to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each

defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he should be directed to file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(4)  Plaintiff should be reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of any order adopting this Report and Recommendation. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(5) Plaintiff should also be advised that once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

Plaintiff should be aware of the following:

1    1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

2  this Report and Recommendation within fourteen days of being served with a copy of the Report

3  and Recommendation. These objections should be titled "Objections to Magistrate Judge's

4  Report and Recommendation" and should be accompanied by points and authorities for

5  consideration by the district judge.

6    2. That this Report and Recommendation is not an appealable order and that any notice of

7  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

8  until entry of judgment by the district court.

9

10  Dated: February 21, 2023

11                                                      _____
                                                        Craig S. Denney
12                                                      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23