UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WADE ALAN KNIGHT,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>CITY OF ELKO, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:22-cv-00384-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Wade Alan Knight brings this action against Defendants Tyler Trouten, Andrew Cunningham, Bartolo Ortiz, City of Elko, County of Elko, Aitor Narvaiza, Adrienne Parry, and Melanie Edgmond under 42 U.S.C. § 1983.[1] (ECF No. 11 ("FAC").) Before the Court is the Report and Recommendation ("R&R")[2] of United States Magistrate Judge Craig S. Denney (ECF No. 15), recommending that the Court allow certain claims and Defendants to proceed, and dismiss others with prejudice. Judge Denney also recommended the denial of Plaintiff's motion for appointment of counsel ("Motion"). (ECF Nos. 12, 15.) Plaintiff's objections to the R&R were due March 7, 2023. To date, Plaintiff has not objected to the R&R. For this reason, and as explained below, the Court adopts the R&R in full.

Because there were no objections, the Court need not conduct de novo review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the

---

[1]The Court previously granted Plaintiff leave to file an amended complaint. (ECF No. 9.)

[2]On February 21, 2023, Plaintiff filed a request for a status update of this case. (ECF No. 16.) On that same day, Judge Denney issued his R&R, and a notice of the R&R was delivered to Plaintiff. (ECF No. 15.)

findings and recommendations.") (emphasis in original). To start, Judge Denney correctly found that Plaintiff's Fourth Amendment claim should proceed against Defendants Cunningham, Ortiz, and Edgmond because Plaintiff adequately alleged that he was stopped, arrested, and detained without probable cause. (ECF No. 15 at 5.) See *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted). Next, Judge Denney correctly concluded that Plaintiff failed to provide any factual allegations against Supervisory Defendants Trouten, Narvaiza, and Parry, and that they should be dismissed with prejudice. (*Id*. at 6.) See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff also fails to state a colorable claim against the City of Elko and Elko County because he only recites the elements for municipal liability but fails to provide any factual allegations to support his claim. (*Id*. at 7.) See *id*. Finally, Judge Denney correctly found that Plaintiff's Motion should be denied because he failed to show exceptional circumstances for appointment of counsel, address the likelihood of success on the merits, and demonstrate an inability to articulate his claims or that the legal issues in this case are overly complex. (*Id*. at 7-8.) See *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations omitted); *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Accordingly, the Court adopts Judge Denney's R&R in full.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 15) is accepted and adopted in full.

It is further ordered that Plaintiff's Fourth Amendment claim may proceed against Defendants Andrew Cunningham, Bartolo Ortiz, and Melanie Edgmond.

It is further ordered that Defendants Tyler Trouten, Aitor Narvaiza, Adrienne Parry, City of Elko, and County of Elko are dismissed with prejudice.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 12) is denied.

The Clerk of Court is directed to issue summonses for Defendants Andrew Cunningham, Bartolo Ortiz, and Melanie Edgmond, and deliver the same, to the U.S. Marshal for service. The Clerk is directed to send sufficient copies of the FAC (ECF No.

11) and this order to the U.S. Marshal for service on Defendants. The Clerk is directed to send to Plaintiff three USM-285 forms. Plaintiff will have 21 days to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within 20 days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any Defendant was not served, and if Plaintiff wants service to be attempted again, he is directed to file a motion with the Court providing a more detailed name and/or address for service or indicating that some other method of service should be attempted.

Plaintiff is reminded that under Fed. R. Civ. P. 4(m), that service must be completed within 90 days of the date of this order. If Plaintiff requires additional time to meet any of the deadlines set by the Court, he must file a motion for extension of time under LR 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the Court or applicable rules will be denied absent a showing of excusable neglect.

Plaintiff is advised that once a Defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the Court upon the Defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the Court a certificate stating that a true and correct copy of the document was served on the Defendant, or counsel, if the Defendant has an attorney. Under LR 5-1, the proof of service must show the day and manner of service and the name of the person served. The Court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

DATED THIS 9th Day of March 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE